RICKY R., an individual,
Plaintiff—Appellant,

v.

CITY OF ALHAMBRA; et al.,
Defendants—Appellees.

No. 08–55396.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2009.

Filed May 20, 2009.

Charles Theodore Mathews, Deane Leroy Shanander, Esquire, Charles T. Mathews & Associates, San Marino, CA, for Plaintiff–Appellant.

Brian Pierik, Esquire, Robert S. Brown, Esquire, Michele Lyn Graeler, Esquire, Burke Williams & Sorensen, LLP, Los Angeles, CA, Stefanie G. Field, Esquire, Burke Williams & Sorensen, LLP, Riverside, CA, for Defendants–Appellees.

Before: HALL, RYMER and
SILVERMAN, Circuit Judges.

## MEMORANDUM *

Ricky R. appeals the district court's denial of his Rule 56(f) motion and its grant of summary judgment in favor of the City of Alhambra in this § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ We first find the district court's denial of the Rule 56(f) motion to be proper. The court acted within its discretion in finding that Ricky R. failed to (1) pursue discovery diligently prior to the City's motion for summary judgment or (2) explain how the facts he hoped to elicit would create a genuine issue of material fact as to municipal liability. *See Qualls v. Blue Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir.1994) (finding an abuse of discretion only where "the movant diligently pursued its *previous* discovery opportunities" and could "show how *additional* discovery would have precluded summary judgment"); *Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006) (upholding Rule 56(f) denial where there was no explanation of how the facts sought were essential to opposing summary judgment); *Pfingston v. Ronan Eng'g Co.,* 284 F.3d 999, 1005 (9th Cir. 2002) (upholding Rule 56(f) denial in part because plaintiff waited to commence discovery until shortly before discovery cutoff).

■ We also uphold the district court's grant of summary judgment. Ricky R. raised no triable issue as to whether Sergeant Fisher's actions were under color of law. *See Anderson v. Warner,* 451 F.3d 1063, 1068–69 (9th Cir.2006) (requiring an officer to be "acting . . . or pretending to act in the performance of his or her official duties"). He also failed to raise a triable issue as to whether the City disregarded "a known or obvious consequence," given the inconclusive 2003 investigation of Fisher and lack of evidence as to whether the City knew of his encounters with Fisher. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *see Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835–37 (9th Cir.1996);

*Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992).

**AFFIRMED.**

SILVERMAN, Circuit Judge, concurring:

In my opinion, the court abused its discretion in ruling on the motion for summary judgment before allowing plaintiff's counsel to take the deposition of Fisher, the principal actor in this case. The time for the completion of discovery had not yet passed. Not only was the time for discovery still open, but even more puzzling is the fact that the court had, just a few days earlier, ordered the deposition to go forward—and by stipulation of the other side, no less. I fail to see the logic of approving the parties' stipulation for the deposition, and then not allowing it to be completed before ruling on the summary judgment motion. It is no answer that the deposition had not been scheduled earlier. It did not have to be—plaintiff was well within his time to conduct discovery and was entitled to do so, at his own pace, so long as he completed it before the deadline.

That said, I concur in the result because the district court's error was harmless. Plaintiff has not shown that the information he sought by deposition, even though he should have been allowed to obtain it, would have changed the result.